UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL SMITH | CIVIL ACTION |
| VERSUS | NO. 11-0488 |
| JEFFERSON PARISH, ET Al. | SECTION: "C" (5) |

### ORDER AND REASONS[1]

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Rec. Doc. 7). In the alternative, Defendants request for this Court to abstain from the matter to avoid conflict with ongoing state proceedings. (Rec. Doc. 7-1 at 3). Plaintiff opposes the motion. (Rec Doc. 9). This Court has considered the memoranda of counsel, the record, and the applicable law, and for the following reasons, the motion is DENIED in part and GRANTED in part.

### BACKGROUND

Plaintiff Paul Smith ("Smith") worked as the Director of Fire for the Jefferson Parish East Bank Consolidated Fire Department from April 4, 2009 until February 4, 2011. (Rec. Doc. 7-1 at 1). In Jefferson Parish, the parish president appoints the Director of Fire with approval from the parish council. (Rec. Doc. 9-4 at 1). The responsibilities of the Director of Fire include directing the operation and administration of the fire district. (Rec. Doc. 8 at 4). On February 4, 2011, Jefferson Parish President John Young ended Smith's employment as Director of Fire without providing Smith any pre or post termination hearings. (Rec. Doc. 8 at 5).

---

[1]Greg Feeney, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

Smith claims that as Director of Fire, he was a classified civil service employee and entitled by law to pre and post termination hearings. (Rec Doc 8 at 2,3). For this reason, Smith alleges that the Defendants are liable to Smith pursuant to 42 U.S.C. § 1983 and state law for depriving Smith of due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 2 of the Louisiana Constitution. (Rec. Doc. 8 at 7). Smith also filed an appeal of his termination with the Jefferson Parish East Bank Consolidated Fire Protection District Civil Service Board. (Rec. Doc. 8 at 6).

In response, Defendants claim that Smith was an "at-will" employee and that as an unclassified civil service employee, Smith was not entitled to any due process protection. (Rec. Doc. 7-1 at 1). Defendants allege that Smith's complaint is based solely on the conclusion of law that Smith was a classified civil service employee, and Defendants filed both a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a 12(b)(6) motion to dismiss for failure to state a claim. (Rec. Doc. 7-1 at 1,4). Further, Defendants claim the issue of whether Smith was a classified civil service employee is a state law issue and requested that this Court abstain from the matter. (Rec. Doc. 7-1 at 2-3). Also, Defendants assert that the District Civil Service Board has exclusive jurisdiction over Smith's claims. (Rec. Doc. 7-1 at 2).

## LAW AND ANALYSIS

### A. 12(b)(6) motion to dismiss

When reviewing a 12(b)(6) motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). However,

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal* 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. Legal conclusions "must be supported by factual allegations." *Id.* at 1950.

In this case, Smith is able to make a claim to relief that is plausible on its face. Smith claims that as Director of Fire he was a classified civil service employee and because he was deprived of his job without due process, he has a claim to relief under 42 U.S.C. § 1983. (Rec. Doc. 8 at 7). A plaintiff makes a Fourteenth Amendment due process claim under § 1983 by first identifying a protected life, liberty, or property interest, and then proving that governmental action resulted in a deprivation of that interest. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). In Louisiana, a permanent classified civil service employee has a protected property interest in his job. *Wallace v. Shreve Mem'l Library*, 97 F.3d 746, 747 (5th Cir. 1996). A classified civil service employee who has been removed from his job without the opportunity to be heard has been deprived of due process and has a claim under 42 U.S.C. § 1983. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

The dispositive issue in this case is whether Smith was a classified civil service employee. Although Defendants allege Smith's claim is based solely on the legal conclusion that Smith was a classified civil servant, Smith has stated factual allegations which support the legal conclusion.

3

Smith argues that the supervisory duties he had as Director of Fire are similar to those of a fire chief. (Rec. Doc. 8 at 5). Also Smith argues that pursuant to La. R.S. 33:2541, an employee's classification is based on the employee's duty and responsibility rather than job title. The position of fire chief is a classified civil servant, La. R.S. 2541(A)(1), and there is not currently a position with the title of fire chief in the Jefferson Parish Fire Protection District. (Rec. Doc. 13 at 2). Thus Smith has supported his argument by showing that as Director of Fire he may have obtained a classified service position by acting as fire chief.

Additionally, while Smith became Director of Fire by appointment, and La. Const. Art. 10, § 7 requires a person to take a competitive examination before receiving a permanent appointment to the classified service, the Fifth Circuit has held that "a governmental employer's failure to comply with civil service requirements does not preclude its employees from obtaining permanent classified civil servant status." *Wallace*, 97 F.3d at 750. In *Wallace*, the plaintiff held a position that was not created by a civil service exam, but the Fifth Circuit still found an issue existed as to whether that plaintiff was a classified servant. *Id.* at 748. Similarly in this case, an issue exists as to Smith's status even though he obtained the position without taking an examination. Thus, although this Court has not determined the status Smith obtained as Director of Fire, Smith has pled factual content, which when taken as true, raises his claim to relief above a speculative level. Therefore, Defendants motion to dismiss for failure to state a claim is DENIED.

### B. 12(b)(1) motion to dimiss

Turning to the 12(b)(1) motion to dismiss, this Court has jurisdiction over Smith's § 1983 claim pursuant to 42 U.S.C. § 1331. Also, this Court has jurisdiction over Smith's state law claim

pursuant to 42 U.S.C. § 1367. Defendants argue that La. Const. Art. X, § 12 grants the District Civil Service Board exclusive jurisdiction over Smith's employment related state claim, (Rec. Doc. 7-1 at 2), and that "federal courts have no business reviewing the personnel decisions of state agencies." *Vanderwall v. Horner*, 635 F. Supp 688, 691-92 (E.D. La. 1986). However, La. R.S. 33:2561 provides that appeals to the District Civil Service Board are proper for an employee "who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause." In this case, Smith's state law claim is not a complaint against a state agency for a discharge without just cause. Smith has alleged a deprivation of due process in violation of La. Const. Art. I, § 2. This claim is closely related to the § 1983 claim and does not fall under the exclusive jurisdiction of the District Civil Service Board. Thus, this Court finds supplemental jurisdiction over the state law due process claim proper.

### C. Abstention

Despite having jurisdiction over Smith's claim, this Court finds that abstention is the proper course of action because of the specific nature of the claim. Generally, "federal courts lack the authority to abstain from the jurisdiction that has been conferred." *New Orleans Pub. Serv., Inc. V. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). However, in exceptional and narrow circumstances, a district court may decline to exercise or postpone the exercise of its jurisdiction. *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959). Specifically, *Pullman* abstention "postpones the exercise of federal jurisdiction in order to clarify ambiguous state law issues when resolution of such issues might eliminate or substantially modify a federal constitutional question." *Stephens v. Bowie Cnty.*, 724 F.2d 434, 435 (5th Cir. 1984); *R.R. Comm'n of Tex. v. Pullman Co.*,

5

312 U.S. 496 (1941).  For *Pullman* abstention to be appropriate, the case must involve (1) a federal constitutional challenge to state action and (2) an unclear issue of state law that, if resolved, would make it unnecessary for the district court to rule on the federal constitutional question. *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 653 (5th Cir. 2002). Abstention will allow federal courts to avoid "both unnecessary adjudication of federal questions and  needless friction with state policies."  *Id.* (quoting *Haw. Hous. Auth. v. Midkiff* 467 U.S. 229, 236 (1984)).

 To rule on Smith's claim, this Court would have to determine the status Smith obtained as Director of Fire.  This is an unclear issue of state law that has not been previously addressed.  However, parallel to this proceeding, Smith has appealed to the District Civil Service Board for a wrongful termination.  (Rec. Doc. 8 at 6).  The Civil Service Board has jurisdiction to hear complaints from members of the *classified* civil service concerning unjust terminations.  La. R.S. 33:2561.  In order to resolve that appeal,  the Civil Service Board will necessarily have to determine the status of the Director of Fire position.  If the board finds that Smith was unclassified and denies to hear his appeal than the constitutional issue as to whether Smith was deprived of due process will be eliminated.  Conversely, if the board finds that Smith was classified, this could significantly modify Smith's constitutional challenge.

 Thus, to avoid the potential confusion of conflicting outcomes with the Civil Service Board's final determination on the status of the Director of Fire position and to possibly avoid adjudicating a constitutional question, this Court will stay the current litigation. If the need to address claims for deprivation of due process still exist after Smith's appeal to the Civil Service Board, the matter can be reopened.

## CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is DENIED in part, insofar as it sought dismissal for failure to state a claim and for lack of subject matter jurisdiction and GRANTED in part, insofar as it sought a stay of proceedings in deference to the ongoing District Civil Service Board appeal. (Rec. Doc. 104). This case is therefore administratively closed until a party moves to reopen the case after the Civil Service Board proceedings are completed.

New Orleans, Louisiana this 1st day of July, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE